**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RASHAD L. EDWARDS,

                                    Plaintiff,

          v.                                                      1:19-CV-543
                                                                          (LEK/CFH)

TROY POLICE DEPARTMENT; RENSSELAER
COUNTY DISTRICT ATTORNEY'S OFFICE;
JUDGE JENNIFER G. SOBER,

                                  Defendants.

---

**APPEARANCES:**

Rashad L. Edwards
4000 Main Street
Troy, New York 12180
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Rashad L. Edwards purported to commence this action on May 5, 2019 with the filing of a complaint. DKt. No. 1. Plaintiff paid this Court's filing fee. On May 31, 2019, plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). Dkt. Nos. 9-10. The Court has reviewed plaintiff's IFP application and has determined that plaintiff financially qualifies to proceed IFP. The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### I. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8 (a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

2

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.

3

1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## II.  Allegations in Complaint

Plaintiff contends that on January 13, 2019, the Troy Police Department "unlawfully entered my private home" and "falsified statements (evidence) in attempt to justify an 'emergency exception' for warrantless entry."  Compl. at 2.  Plaintiff further provides that Rensselaer County District Attorney's Office "knowingly used that false evidence from the Troy Police Department to secure indictment no. 19-1016, on February 19th, 2019, to charge me with a crime that I did not commit."  Id.  Plaintiff alleges that Supreme Court Judge Jennifer G. Sober "caused an additional unnecessary physical intrusion on 3/20/19, (violation of my 4th Amendment) by forcing

4

me to submit to a DNA testing to compare with 'evidence' that was illegally eized due to the unlawful warrantless entry of my home." Id.  Plaintiff requests "immediate dismissal with prejudice of Renss. County indictment no. 19-1016, for injunctive relief"; "a written recommendation of revoke and restore to NYS parole supervision, for injunctive relief"; "$100,000 for general damages," for "lost wages, property in my home, missed [illegible], medical bills, money spent"; "$500,000 for special damages," "loss of reputation, dropped my college"; "$500,000 for punitive damages," "malicious and egregious conduct of defendants," "$500,000 for pain and suffering damages," "PTSD, depression, anxiety has worsened"; "$500,000 for loss of liberty.  In total sum of $2.1 million, for all damages." Id. at 4.

### III. Analysis

Plaintiff's complaint appears to attempt to bring forth claims for false arrest, false imprisonment, and, potentially, malicious prosecution.  See generally Compl.  To the extent plaintiff seeks to bring such claims, they appear to be barred by Heck.

In Heck v. Humphrey, the Supreme Court of the United States created a jurisdictional prerequisite to civil suits brought under 42 U.S.C. § 1983:

> [i]n order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance for a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizant

5

under § 1983.

Heck v. Humphrey, et al., 512 U.S. 477, 486-87 (1994).

Here, plaintiff indicates that defendants have secured an indictment resulting from the events surrounding his arrest on January 13, 2019, about which he attempts to sue. See generally compl.[1] Were the Court to find in plaintiff's favor on his apparent false arrest, false imprisonment, and malicious prosecution claims, it would necessarily invalidate the charges, indictment, or any potential conviction that may result. Thus, plaintiff's claims are barred by Heck unless and until he can show that the charges have been vacated, that he has been acquitted, or that any conviction that may eventually result has been overturned or otherwise has been declared invalid by a court of law. Accordingly, it is recommended that plaintiff's claims against the Troy Police Department and Rensselaer County District Attorney's Office be dismissed, but that the dismissal be without prejudice to plaintiff amending his complaint, but such amendment may proceed only if he is able to demonstrate that any charges have been vacated/dropped, or that any convictions that may have resulted from the incidents in this complaint have been vacated or otherwise determined to be invalid by a court of law.[2]

---

[1] Further, it appears that plaintiff may be incarcerated, as he has submitted an "inmate authorization form," dkt no. 10, though the address he has provided to the Court is a private home address, and not a correctional facility. However, plaintiff's current incarceration status is not dispositive. What is dispositive is whether any criminal charges or convictions remain.

[2] The undersigned recognizes that plaintiff names as defendants the Rensselaer County District Attorney's Office and the Troy Police Department. It is well settled law that "a municipality cannot be held liable solely on a theory of respondeat superior." Anderson v. Cnty. of Nassau, 297 F. Supp. 2d 540, 546 (E.D.N.Y. 2004). "Local governments are only responsible for their own illegal acts and are not vicariously liable for their employees' actions under a theory of respondent superior." Waller v. City of Middletown, 89 F. Supp. 3d 279, 284 (D. Conn. 2015) (citation omitted). A municipality "may not be sued under § 1983 for

6

Insofar as plaintiff seeks to bring claims against Judge Jennifer Sober, plaintiff's claims also appear barred by the doctrine of judicial immunity. It is well settled that judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (internal quotation marks omitted). The immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of jurisdiction." Id. at 111-12. Accordingly, plaintiff's claims against Judge Jennifer Sober are barred by judicial immunity. To the extent plaintiff may contend that Judge Sober's alleged acts were "in

---

an injury inflicted solely by its employees or agents," and is liable only when it actually deprives, through the execution of its policies, an individual of his constitutional rights. Monell v. Dep't of Soc. Services, 436 U.S. 658, 694 (1978). Official municipal policy, which "includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices so persistent and widespread as to practically have the force of law," must be "the moving force" behind the violation. Connick v. Thompson, 563 U.S. 51, 59 n.5, 61 (2011). Thus, "'[a] municipality or other local government may be liable under [Section 1983] if the government body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.'" Id. (quoting Connick v. Thompson, 563 U.S. 51 (2011)). "Therefore, to state a Section 1983 claim against a municipality, a plaintiff is required to plead a violation of a federally protected right that was caused by the municipality's official policy or custom, or by a decision of a policymaker with final policymaking authority." Id. (citing Monell, 436 U.S. at 692). Thus, "in order to establish municipal liability, plaintiff must establish that an identified municipal policy was the 'moving force [behind] the constitutional violation.'" Plair v. City of New York, 789 F. Supp. 2d 459, 468 (S.D.N.Y. 2011) (quoting Monell, 436 U.S. at 694) (emphasis added)). Further, the "failure to train or supervise [municipal] employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the [municipal] employees interact.'" Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted).
  Plaintiff's complaint fails to identify, let alone explain, the existence of a municipal policy or custom or a failure to train that led to the violation of his constitutional rights nor has he provided any factual support to suggest that a municipal policy was the "moving force" behind any alleged constitutional violation. Plair, 789 F. Supp. 2d at 468. Should plaintiff be able to overcome Heck in the future, he must also be able to demonstrate a proper Monell claim in order to proceed against any municipal defendants.

7

the complete absence of jurisdiction," and, thus, excepted from judicial immunity, such claim would still be barred by Heck. Id. at 111-12. Thus, out of special solicitude to plaintiff, it is recommended that, although it appears from the face of plaintiff's complaint that Judge Sober would be entitled to judicial immunity even if she did act as plaintiff alleges in his complaint, to the extent plaintiff may argue that she acted in absence of jurisdiction, it is recommended that the claims against her be dismissed without prejudice, to the extent plaintiff may be able to overcome a Heck bar in the future.

### IV.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for leave to proceed IFP is **GRANTED** (dkt. nos. 9-10) for purposes of filing; and it is further

**ORDERED**, that plaintiff's request for the U.S. Marshals to serve the summons and complaint on defendants and to change his request to one for a trial by court (dkt. no. 8) is **DENIED** as moot, with leave to replead should the complaint proceed; and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED without prejudice** and with opportunity to amend should plaintiff be able to overcome the Heck bar by demonstrating that all criminal charges and/or convictions resulting from his arrest on January 13, 2018, have been dismissed/vacated by a Court of law; and it is further

**RECOMMENDED**, that all claims against Judge Jennifer G. Sober be **DISMISSED without prejudice** should plaintiff be able to overcome a claim of judicial

immunity and the Heck bar; and it is

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be provided thirty (30) days from the date of that Order to file an amended complaint as to any claims dismissed without prejudice, and if plaintiff fails to file an amended complaint within that time frame, the complaint be dismissed without further order of the Court;

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with local rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)): 28 U.S.C. § 636(b)(1): FED R. CIV. P. 6(a), 6(e), 72.[3]

Dated: July 2, 2019
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).