UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RASHAD L. EDWARDS,

                              Plaintiff,

    -against-                                  1:19-CV-543 (LEK/CFH)

TROY POLICE DEPARTMENT, *et al.*,

                              Defendants.

## DECISION AND ORDER

**I.  INTRODUCTION**

Plaintiff Rashad Edwards filed this case pursuant to 42 U.S.C. § 1983 against the Troy Police Department, Rensselaer County District Attorney's Office, and Rensselaer County Court Judge Jennifer G. Sober. United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation & Order, Dkt. No. 11 ("Report-Recommendation"), concerning the sufficiency of Plaintiff's Complaint, Dkt. No. 1. Plaintiff timely filed an objection to the Magistrate Judge's Report-Recommendation, Dkt. No. 15 ("Objection").

**II. LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court

need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

### A. Review of Report-Recommendation

Plaintiff has not objected to Magistrate Judge Hummel's analysis of Plaintiff's claims. Accordingly, the Court has reviewed the Magistrate Judge's analysis for clear error. See Barnes, 2013 WL 1121353, at *1. The Court agrees that Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution are barred by Heck v. Humphrey.[1] R. & R. at 6. Additionally, the Court agrees that Plaintiff's claims against Judge Sober are barred by the doctrine of judicial immunity. Id. at 7. The Court clarifies, however, that it lacks jurisdiction over Plaintiff's claims for injunctive relief because there is "a national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Younger v. Harris, 401 U.S. 37, 41 (1971). The Younger court identified three such circumstances (none

---

[1] 512 U.S. 477 (1994).

of which apply to this case): bad-faith state prosecutions,[2] patently unconstitutional state laws, and the absence of an adequate state forum in which to raise the constitutional issues. See id. at 47–49, 53–54. Thus, Plaintiff's claims for injunctive relief must be dismissed for lack of subject-matter jurisdiction.[3]

### B.     Review of Plaintiff's Objection

Plaintiff has objected to Magistrate Judge Hummel's recommendation "that if the District Judge adopts this Report-Recommendation & Order, [P]laintiff be provided thirty (30) days from

---

[2] The definition of a bad-faith prosecution is when "a prosecution has been brought without reasonable expectation of obtaining a valid conviction." Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975). One commentator has noted:

> [S]ince Younger, there is not a single instance in which the Supreme Court has applied this exception and found a state action to constitute a bad-faith prosecution. In fact, commentators have observed that 'the universe of bad-faith-harassment claims that can be established is virtually empty' . . . Hence, the bad-faith prosecutions exception appears limited to facts such as those present in Dombrowski: repeated prosecutions initiated by state officials solely for the purpose of harassment without the opportunity to raise the claims in state court because of the unavailability or bias of the state judiciary.'"

Erwin Chemerinsky, Federal Jurisdiction § 13.4 (6th ed. 2012) (citing Owen M. Fiss, Dombrowski, 86 Yale L.J. 1103, 1115 (1977); C. Keith Wingate, The Bad Faith–Harassment Exception to the Younger Doctrine: Exploring the Empty Universe, 5 Rev. of Litig. 123 (1986)). In Dombrowski v. Pfister, the complaint made allegations that "the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate . . . constitutional rights . . . ." 380 U.S. 479, 482 (1965) (internal quotation marks omitted). Plaintiff has not plead facts indicating he has been subject to the type of state prosecution found in Dombrowski to have been made in bad faith.

[3] The Court has jurisdiction over Plaintiff's damages claims, however. See Giulini v. Blessing, 654, F.2d 189, 193 (2d Cir. 1981) (concluding that federal courts generally may adjudicate damages suits, even though there are pending criminal prosecutions in state court concerning the same matter).

3

the date of that Order to file an amended complaint as to any claims dismissed without prejudice . . . ." R. & R. at 9. Specifically, Plaintiff requests ninety days instead of thirty days to file an amended complaint. Obj. The Court reviews Plaintiff's objection to this recommendation de novo. See § 636(b).

Plaintiff explains, "Because [his] suppression hearing to have all criminal charges [stemming from this case] dismissed by a court of law is expected to be held in August of 2019[,]" then he should have an additional sixty days to file an amended complaint. Obj. The Court agrees. Consequently, the Court modifies the Magistrate Judge's recommendation for the total amount time that Plaintiff should have to file his amended complaint from thirty days to ninety days.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **ADOPTED in part** to the extent it recommends that Plaintiff's damages claims should be dismissed without prejudice **and REJECTED in part** to the extent it recommends that (1) Plaintiff should be allowed to replead his claims for injunctive relief and (2) Plaintiff should have thirty days from the date of this Decision and Order to file an amended complaint regarding his claims dismissed without prejudice; and it is further

**ORDERED**, that Plaintiff's claims for injunctive relief are **DISMISSED for lack of jurisdiction**; and it is further

**ORDERED**, that Plaintiff's damages claims are **DISMISSED without prejudice**, but that Plaintiff may move to replead these claims within **ninety days** of the date of this Decision and Order; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: August 1, 2019
Albany, New York

Lawrence E. Kahn
U.S. District Judge