**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────

RASHAD EDWARDS,

                              Plaintiff,

            v.                                                    1:19-CV-0543
                                                                  (LEK/CFH)

DAVID DEAN JR., *Police Officer*; et al.,

                              Defendants.

─────────────────────────────

**APPEARANCES:**

Rashad L. Edwards
4000 Main Street
Troy, New York 12180
Plaintiff pro se

**U.S. MAGISTRATE JUDGE
CHRISTIAN F. HUMMEL**

### REPORT-RECOMMENDATION & ORDER

### I. Background

Presently pending before the undersigned is review of plaintiff's pro se Rashad

Edward's Amended Complaint pursuant to 42 U.S.C. § 1915. See Dkt. No. 22.[1]  Plaintiff

commenced this action on May 7, 2019, with the filing of a complaint. Dkt. No. 1.  On

July 2, 2019, the undersigned issued a Report-Recommendation & Order granting

plaintiff's application to proceed in forma pauperis and, as relevant here, recommending

───────────────────────

[1]  Plaintiff previously appeared to indicate that he would file an additional amended complaint that would supercede the amended complaint he filed on October 30, 2019.  See Dkt. Nos. 22-24.  Plaintiff never made another filing.  Accordingly, the undersigned will properly review the amended complaint filed at docket number 22.

dismissal of the complaint without prejudice and with opportunity to amend. Dkt. No.

11. On August 1, 2019, Senior U.S. District Judge Lawrence Kahn adopted in part and

rejected in part the Report-Recommendation & Order insofar as he dismissed plaintiff's

claims for injunctive relief with prejudice and dismissed plaintiff's damages claims

without prejudice and with leave to replead. Dkt. No. 17.


## II. Amended Complaint

Plaintiff names as defendants in his Amended Complaint Troy Police Officers

David Dean, Jacquelin DiCarlo, John Derebertis, Greg Kehrer, Stephen Bell, Nicholas

Colaneri, and Joseph Faziolli. Dkt. No. 22 at 2. Plaintiff's amended complaint consists

of one paragraph. Plaintiff contends that on January 13, 2019, the named police

officers:

> unlawfully entered my private home at 491 Pawling Avenue, 2nd floor
> in Troy, New York. The unlawful search, seizure of my property, and
> seizure of my person, caused me to be violated on my parole and
> sent to the Rensselear County Correctional Facility and ultimately
> falsely arrested on February 19, 2019. Thus, 9 months (current) of
> false imprisonment.

Id. at 4. Plaintiff's listed causes of action are false arrest and false imprisonment. Id. at

5. Plaintiff demands $100,000 for "general damages," $500,000 for "special damages,"

$500,000 for "punitive damages," $500,000 for "compensatory damages," $500,000 for

"loss of liberty," "total sum of $2,100,000 for damages." Id.


## III. Discussion

2

"Claims for false arrest . . . brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest . . . under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003); Kilburn v. Vill. of Saranac Lake, 413 F. Appx. 362, 363 (2d Cir. 2011) (summary order) (noting that, under New York law, a false imprisonment "claim is identical to a false arrest claim"); Callahan v. City of New York, 90 F. Supp. 3d 60, 68 (E.D.N.Y. 2015) (citation omitted) ("A [Section] 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York [state] law."). To state a claim for false arrest or false imprisonment under § 1983 or New York law, a plaintiff must allege that (1) the defendant intended to confine him; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991). Probable cause is always a complete defense to any false arrest claim, whether under federal or New York law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

Plaintiff's one-paragraph Amended Complaint does not set forth sufficient facts for the court to assess his claims.[2] Thus, it fails to comply with the pleading

_____

[2] Although the undersigned does not have Heck v. Humphrey, 512 U.S. 477 (1994), concerns, as there does not appear to be any criminal conviction at this time, the lack of factual detail surrounding his alleged false arrest and imprisonment still precludes the Court from assessing the merits of his claims. See Under Heck and its progeny, a "§ 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). As it appears plaintiff is a pretrial detainee, and, thus, has not been convicted or sentenced, the Heck bar does not currently apply. The Court does note that, should plaintiff secure a sentence or

3

requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff's

Amended Complaint does not provide sufficient factual allegations or contends to

assess the standards applied for false arrest/false imprisonment claims.  Indeed,

because the Amended Complaint as it is so devoid of factual support and context,

including information specifying each defendants' personal involvement in the alleged

constitutional violations, cannot provide "fair notice of the claim being asserted so as to

permit the adverse party the opportunity to file a responsive answer, prepare an

adequate defense and determine whether the doctrine of res judicata is applicable."

Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999).

Accordingly, it is recommended that plaintiff's amended complaint for false arrest

and false imprisonment be dismissed for failure to plead sufficient facts such that the

Court can reasonably assess his claims, including that "(1) the defendant intended to

confine him; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent

to the confinement; and (4) the confinement was not otherwise privileged. See Posr,

944 F.2d at 96.  As the personal involvement of a defendant is a prerequisite for the

assessment of liability in a section 1983 action, McKinnon v. Patterson, 568 F.2d 930,

934 (2d Cir. 1977), the amended complaint also must be dismissed for failure to identify

each defendants' personal involvement in the alleged constitutional violations.

The undersigned recommends, due to plaintiff's pro se status, that plaintiff be provided

with one final opportunity to amend to attempt to cure the defects identified herein.

---

conviction in the future related to the claims in this complaint, Heck likely would bar review absent a
favorable termination.

Plaintiff is advised that, should the District Judge, in reviewing this Report-Recommendation & Order, permit plaintiff an opportunity to amend, any amend complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994). Therefore, if plaintiff is permitted to file an amended complaint, it must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer. Plaintiff may not incorporate by reference any portion of the original complaint.

Next, it is not clear whether plaintiff seeks to proceed against defendants in their individual or official capacities. The Eleventh Amendment protects states against suits brought in federal court. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The immunity granted the states under the Eleventh Amendment extends beyond the states themselves to state agents and instrumentalities that are effectively arms of the state. (Woods v. Rondout Valley Cent. School Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir.2006). The Eleventh Amendment bars all money damages claims against state officials acting in their official capacities. Kentucky v. Graham, 473 U.S. 159, 167–68, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Thus, "claims against a government employee in his official capacity are treated as a claim against the municipality." Hines v. City of Albany, 542 F.Supp. 2d 218, 227 (N.D.N.Y. 2008) (citing

<u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991))

Thus, to the extent, however, that plaintiff seeks to proceed against defendants in their official capacities for money damages, it is recommended that such claims be dismissed with prejudice due to Eleventh Amendment immunity.

## IV. Conclusion

**WHEREFORE**, for the reasons stated, it is hereby

**ORDERED**, that plaintiff's amended complaint, insofar as it pleads false arrest/false imprisonment claims against the officers in their individual capacities, dkt. no. 22, be **DISMISSED without prejudice** and with one final opportunity to amend as set forth herein; and it is further

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against defendants in their official capacities, such claims be **DISMISSED with prejudice** and without leave to amend; and it is

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be provided thirty (30) days from the filing date of the Order adopting this Report-Recommendation & Order to file an amended complaint, and if plaintiff should fail to file such amended complaint, the matter be considered closed without further order of the Court; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[3]

Dated: April 1, 2020
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).