UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RASHAD L. EDWARDS,

                              Plaintiff,

          -against-                                    1:19-CV-0543 (LEK/CFH)

DAVID DEAN, JR., *et al.*,

                              Defendants.

_____

## DECISION AND ORDER

## I.      INTRODUCTION

Pro se plaintiff Rashad Edwards brings this lawsuit under 42 U.S.C. § 1983. Dkt. No. 22 ("Amended Complaint"). Plaintiff alleges that several officers of the Troy, New York Police Department violated his Fourth Amendment rights when they unlawfully entered his home, searched and seized his person and property, and subjected him to false arrest and imprisonment. Id. Currently before the Court is a Report-Recommendation filed by the Honorable Christian F. Hummel, United States Magistrate Judge, in which Judge Hummel reviewed the sufficiency of Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1915 and recommended dismissal. Dkt. No. 25 ("Report-Recommendation"). Plaintiff has filed an objection to the Report-Recommendation, but in the same filing also states that he wishes to "withdraw [his] complaint without prejudice and with leave to reactivate [his] claim once [he is] able to obtain counsel." Dkt. No. 26 ("Objections" and "Motion to Withdraw"). For the following reasons, the Court grants the Motion to Withdraw and rejects the Report-Recommendation as moot.

## II.    BACKGROUND

### A.  The Amended Complaint

All facts are drawn from the Complaint and are assumed to be true. <u>Charles Ramsey Co.,</u>

<u>Inc. v. Fabtech-NY LLC</u>, No. 18-CV-546, 2020 WL 352614, at *1 (N.D.N.Y. Jan. 21, 2020).

The allegations in the Amended Complaint consist of the following:

> On January 13, 2019, the Troy Police Officers unlawfully entered my
> private home at 491 Pawling Avenue, 2nd floor, in Troy, New York. The
> unlawful search, seizure of my property, and seizure of my person, caused
> me to be violated on my parole and sent to the Rensselaer County
> Correctional Facility and ultimately false arrested on February 19, 2019.
> Thus, 9 months (current) of false imprisonment.

Am. Compl. at 4. Plaintiff names the following seven Troy police officers as defendants: David

Dean, Jacquelin DiCarlo, John Derebertis, Greg Kehrer, Stephen Bell, Nicholas Colaneri, and

Joseph Faziolli. <u>Id.</u> at 2. He asserts claims against these defendants for false arrest and false

imprisonment and seeks monetary damages. <u>Id.</u> at 5.

### B.  The Report-Recommendation

Judge Hummel recommends dismissing Plaintiff's Amended Complaint. R. & R. at 6. In

the course of doing so, he notes that "it is not clear whether plaintiff seeks to proceed against

defendants in their individual or official capacities." <u>Id.</u> at 5. Thus, "insofar as [the Amended

Complaint] pleads . . . claims against the [Troy police] officers in their individual capacities," <u>id.</u>

at 6, Judge Hummel recommends dismissal without prejudice for "failure to plead sufficient facts

such that the Court can reasonably assess [Plaintiff's] claims" <u>id.</u> at 4. Moreover, "to the

extent . . . that plaintiff seeks to proceed against defendants in their official capacities," Judge

Hummel recommends "that such claims be dismissed with prejudice due to Eleventh

Amendment immunity." <u>Id.</u> at 6.

### C.  Objections and the Motion to Withdraw

In response to the Report-Recommendation, Plaintiff has filed the following objection: "The above named Plaintiff hereby objects to the report-recommendation and order to file an amended complaint dated April 1, 2020 by Christian F. Hummel, U.S. Magistrate Judge." Objs. In addition to this objection, Plaintiff also states his desire to "withdraw [his] complaint without prejudice and with leave to reactive [his] claim once [he is] able to obtain counsel." Mot. to Withdraw. Finally, he clarifies that his "intentions have been and will be to proceed against defendants in their individual capacities." Id.

## III.   STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV.    DISCUSSION

### A.  Motion to Withdraw

The Court construes Plaintiff's request to "withdraw" the complaint as one for voluntary

dismissal under Federal Rule of Civil Procedure 41(a)(1). See Caswell v. Miller, No. 17-CV-

1384, 2018 WL 2170294, at *1 (N.D.N.Y. May 10, 2018) (construing pro se plaintiff's

"'motion' seeking to 'withdraw the complaint'" as a Rule 41(a)(1) motion). Rule 41(a)(1)

provides, in relevant part, that a plaintiff may dismiss an action without a court order by filing "a

notice of dismissal before the opposing party serves either an answer or a motion for summary

judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). Filing such a notice "immediately terminates the

case, and does not require any judicial approval." Lancaster v. Ethicon, Inc., No. 19-CV-1377,

2020 WL 819291, at *3 (N.D.N.Y. Feb. 19, 2020) (Kahn, J.).

Here, given the early stage of this case, Plaintiff has "not been served with an answer or

motion for summary judgment," and therefore "has an unfettered right voluntarily and

unilaterally to dismiss [this] action" under Rule 41(a). See Wolters Kluwer Fin. Servs. v.

Scivantage, 564 F.3d 110, 114 (2d Cir. 2009) (internal quotation marks omitted). Therefore, per

Plaintiff's request, this action is dismissed without prejudice. See Fed. R. Civ. P. 41 ("Unless the

notice or stipulation states otherwise, the dismissal is without prejudice."); see also McDermott

v. Cicconi, No. 11-CV-1059, 2011 WL 4834256, at *2 (N.D.N.Y. Oct. 12, 2011) (dismissing

plaintiff's complaint without prejudice pursuant to a Rule 41(a) request for voluntary dismissal).

### B.  Report-Recommendation

Because the Motion to Withdraw has voluntarily dismissed Plaintiff's Amended

Complaint under Rule 41(a), the Report-Recommendation is now moot, and the Court rejects it

for that reason. See McDermott, 2011 WL 4834256, at *2–3 (rejecting a report-recommendation

as moot when the plaintiff filed a letter "to withdraw his complaint" in lieu of objections to the

report-recommendation); <u>New York v. Jewell</u>, No. 08-CV-644, 2014 WL 841764, at \*12

(N.D.N.Y. Mar. 4, 2014) (Kahn, J.) (rejecting a report-recommendation as moot in part because

the parties filed a stipulation of dismissal under Rule 41(a)(2)).[1]

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to Withdraw (Dkt. No. 26) is **GRANTED**; and it is

further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 22) is **DISMISSED without**

**prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(1); and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 25) is **REJECTED as moot**;

and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in

accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      May 05, 2020
            Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge

---

[1]  Additionally, the Court notes that Eleventh Amendment immunity does not apply to Plaintiff's claims, as Defendants are municipal employees rather than employees of the state. <u>See</u> <u>Williams v. City of New York</u>, 121 F. Supp. 3d 354, 375–76 (S.D.N.Y. 2015) ("Eleventh Amendment sovereign immunity does not apply to municipal actors.") (citing <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690 n.54 (1978)).